Michael C. Markham, Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, FL, for Debtor.

**In re ATLANTIC COMMUNITY CARE, INC., Debtor.**

**No. 01–17500–8P1.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

March 31, 2005.

***ORDER ON DEBTOR'S MOTION TO DETERMINE TAX LIABILITY***
(Doc. No. 282)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 11 case is a Motion to Determine Tax Liability (Doc. No. 282) filed by Atlantic Community Care Inc., (Debtor) to determine its tax liability to the City of Brooksville (City), which is located in Hernando County, Florida, for any ad valorem taxes related to the Debtor's Tangerine Cove facility. The Hernando County Tax Collector is seeking payment to the City in the amount of $77,764.48 in relation to an agreement between the City and the Debtor for payment in lieu of taxes (PILOT Agreement).

The facts relevant to this Motion are not in dispute and are as follows: The Debtor owns and operates assisted living facilities around Florida. These facilities are exempt from any real and personal property taxes under Section 501(c)(3) of the Internal Revenue Code. The construction of the Tangerine Cove facility was funded by the proceeds of a mortgage revenue bond issued by Hernando County. On June 17, 1998, the Debtor entered into the PILOT Agreement with the City. The PILOT Agreement has two (2) sections. Section 1 of the PILOT Agreement provides that if the Debtor "ceases to be subject to real and personal property ad valorem taxes," the Debtor will pay whatever amount it

would have owed in property taxes directly to the City. In exchange, the City promised its support of Hernando County's bond so that the Tangerine Cove facility could be built. Section 2 of the PILOT Agreement states that the agreement will "run with the land." It is important to note that the facility was not built with any funds from the City.

On September 19, 2001, the Debtor filed a voluntary Chapter 11 Petition. On December 1, 2004, this Court entered an Order Granting the Reorganized Debtor's Motion to Sell Substantially All Assets Free and Clear of All Liens, Claims, or Interests (Doc. No. 278). On January 18, 2005, the Debtor filed the instant Motion to Determine Tax Liability. The Hernando County Tax Collector has calculated the amount due on the PILOT Agreement to be $77,764.48. The Debtor does not dispute the amount due, but contends that the claim of the City is not entitled to priority accorded to taxes by Bankruptcy Code Section 507(a)(8), and is nothing more than a general unsecured Claim.

This Court has had opportunity to rule on this issue on a previous occasion concerning a different facility also owned by the Debtor. This facility was located in the City of Ft. Pierce. The City of Fort Pierce had an identical PILOT agreement with the Debtor concerning payment to the city in lieu of taxes. *See* Order on Objection to Tax Claims and Motion to Determine Tax Liability (Doc. No. 191). This Court concluded that the claim of The City of Fort Pierce, which was in an identical position as the City of Brooksville, should only be allowed as an unsecured claim and not receive tax status. Based on the foregoing, this Court is satisfied that the Debtor's motion to determine tax liability should be granted and the claim of the City of Brooksville should be treated as a general unsecured claim.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the claim of the City of Brooksville, be, and the same is hereby, allowed in the amount of $77,764.48 as a general unsecured claim.